**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-25844-JB**

ISRAEL PEREZ-TOC,

Petitioner,

v.

WARDEN, Krome North Service Processing Center, *et al.*,

Respondents.
_________________________________/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Israel Perez-Toc's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response in Opposition to the Petition. ECF No. [7]. Petitioner has not filed a Reply, and the time to do so has passed. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. ECF No. [1]. In November 2016, Petitioner was encountered and processed for Expedited Removal/Credible Fear under section 235(b)(1) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. 1225(b)(1). ECF Nos. [8-2], [8-3].

On November 18, 2016, Petitioner claimed a fear of returning to Guatemala and was referred to U.S. Citizenship and Immigration Services ("USCIS") for credible

fear processing. ECF No. [8-4] ¶ 8. On November 25, 2016, Petitioner was given a credible fear determination by an asylum officer. *Id.* ¶ 9. The USCIS asylum officer determined Petitioner had a credible fear of persecution or torture, vacated the expedited removal order pursuant to the credible fear finding, and issued a Notice to Appear ("NTA") pursuant to 8 C.F.R. 208.30. *Id.*; ECF No. [8-1].

On November 28, 2016, ICE served Petitioner with the NTA. ECF No. [8-1]. The NTA noted that the expedited removal order was vacated. *Id.* In addition, the NTA classified Petitioner as an "alien present in the United States who has not been admitted or paroled." *Id.*

On December 1, 2016, Petitioner was released from ICE custody on bond. ECF No. [8-5]. On March 28, 2022, an Immigration Judge ("IJ") ordered Petitioner removed from the United States. ECF No. [8-6]. On April 27, 2022, Petitioner filed a timely appeal with the Board of Immigration Appeals ("BIA") but never filed a brief. ECF No. [8-4] ¶ 13. Petitioner's appeal to the BIA remains pending. ECF No. [8-8].

On August 5, 2026, Petitioner was taken into ICE custody. ECF No. [8-4] ¶ 14. Petitioner remains in ICE custody at the Krome North Service Processing Center in Miami, Florida. ECF No. [8-5].

On August 26, 2026, Petitioner filed the Petition. ECF No. [1]. Petitioner alleges that Respondents have failed to provide him with an individualized bond hearing. *Id.* at 2. Petitioner further alleges that Respondents have "failed to show any changed circumstances, violations of conditions, or lawful justification warranting continued confinement" and that "[d]detention under these

circumstances constitutes an arbitrary deprivation of liberty in violation of the Fifth Amendment." *Id.* Petitioner seeks an Order requiring Respondents to provide him an individualized bond hearing before an IJ or, in the alternative, release under appropriation conditions of supervision. *Id.* at 3.

Respondents filed a Response to the Petition. ECF No. [7]. First, Respondents argue that the Court lacks jurisdiction to review DHS's decision to place petitioner in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). *Id.* at 3–5. Second, Respondents argue that the Court lacks jurisdiction to review the Petition pursuant to 8 U.S.C. § 1252(a)(2)(A)(i) because Petitioner's detention "arises from" and is "related to" the "expedited removal process established under 8 U.S.C. § 1225(b)(1)." *Id.* at 5–8. Third, Respondents argue that "Petitioner['s] suggest[ion] that he is entitled to a bond hearing under 8 U.S.C. § 1226(a)" is "incorrect." *Id.* at 8. Instead, according to Respondents, he is "detained as an alien subject to expedited removal under 8 U.S.C. § 1225(b)(1) and ineligible for release on bond." *Id.* at 9. Lastly, Respondents argue that Petitioner's detention does not violate the Due Process Clause of the Fifth Amendment. *Id.* at 9–10.

## II. ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction

extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**A. Jurisdiction**

Respondents argue that the Court lacks jurisdiction to review DHS's decision to place Petitioner in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). ECF No. [7] at 3–5. In addition, relying upon 8 U.S.C. § 1252(a)(2)(A)(i), Respondents further argue that the Court lacks jurisdiction to review the Petition because Petitioner's detention "arose from the expedited removal process." *Id.* at 5–8. As explained below, Petitioner is not detained pursuant to 8 U.S.C. § 1225(b)(1). Accordingly, Respondents jurisdictional arguments are without merit.

**B. Legality of Petitioner's Mandatory Detention**

Respondents contend that "Petitioner is detained as an alien subject to expedited removal under 8 U.S.C. § 1225(b)(1) and ineligible for release on bond. ECF No. [7] at 9–10. Petitioner appears to argue that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. [1] at 2–3. The Court examines each of these statutes in turn.

**i. 8 U.S.C. § 1225**

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country

consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[1] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id.* § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.*

**ii. <u>8 U.S.C. § 1226</u>**

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a).

[1] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

**iii. <u>Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(1)</u>**

The question of whether section 1225(b)(1) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation").

As mentioned, Respondents assert that Petitioner is "detained as an alien subject to expedited removal under 8 U.S.C. § 1225(b)(1)." ECF No. [7] at 9. However, the NTA served on Petitioner on November 28, 2016, provides that the Order placing Petitioner under expedited removal under 8 U.S.C. § 1225(b)(1) was vacated. ECF No. [8-1]. Thus, contrary to Respondents' assertion, Petitioner is not detained pursuant to 8 U.S.C. § 1225(b)(1).

Additionally, the NTA that DHS issued to Petitioner did not classify him as an "arriving alien." *Id.* Instead, the NTA classifies him as "an alien present in the United States who has not been admitted or paroled." *Id.* This classification places him squarely within section 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

Accordingly, Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ.[2] *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026); *see also Jennings*, 583 U.S. at 306; *Lopez Benitez*, 2025 WL 2371588, at *13.

[2] In addition, while an IJ ordered Petitioner removed from the United States, ECF No. [8-6], that order is under appeal and is not final, ECF No. [8-8].

The Court declines to reach the merits of Petitioner's claims concerning his Fifth Amendment due process rights, as the Court is granting his requested relief of an individualized bond hearing. *See, e.g.*, *Puga*, 2025 WL 2938369, at *6 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in another count, but allowing the due process claim to be reasserted if the respondents do not comply with the court's order to provide a bond hearing or release); *Pizarro Reyes*, 2025 WL 2609425, at *8.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition, ECF No. [1], is **GRANTED IN PART**. Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall promptly afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) within **seven (7) days** of this Order or otherwise release Petitioner.

2. Respondents shall, within **twenty (24) hours** of the bond hearing, file a Status Report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

3. Any remaining claims in the Petition are **DISMISSED WITHOUT PREJUDICE**.

4. Petitioner's Motion for Immediate Release or, in the Alternative, for a Bond Hearing, ECF No. [3], is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**